IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leon Jerome Washington, #78156, ) | C.A. No. 9:05-995-TLW-GCK |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Jon Ozmint; and Henry McMaster, ) | |
| Attorney General for South Carolina; ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

The petitioner, a state prisoner proceeding pro se, seeks habeas corpus relief under Title 28, United States Code, Section 2254. (Doc. # 1). This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate George C. Kosko, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In his Report, Magistrate Judge Kosko recommends that the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return. (Doc. # 4). Petitioner has filed objections to the Report. (Doc. # 5).

> In conducting this review, the Court applies the following standard:
> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

1

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report for the reasons outlined below.

The Magistrate Judge indicates in his Report that the present petition is the second filed in this Court by the Petitioner with respect to his conviction. The Report goes on to note that in order for this Court to entertain the current petition, the Petitioner must seek and obtain a Pre-Filing Authorization (PFA) from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. 2244(b)(3).

Title 28 U.S.C. § 2244(b) is very clear on the limits on second or successive § 2254 petitions. Jones v. Maynard, 2002 WL 32078932 (D. S.C. 2002). Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner *must* seek and obtain leave (i.e., written permission) from the United States Court of Appeals for the Fourth Circuit before attempting to file another § 2254 petition in the United States District Court for the District of South Carolina. 28 U.S.C. § 2244(b)(3)(A). Petitioner was and is required to seek authorization from the Fourth Circuit before filing this action with this Court.

Petitioner has filed objections to the Report. In his objections, Petitioner admits that this is a second petition, with the first being filed in 1980 and resulting in summary judgment being granted to Respondents. However, Petitioner "contends in this objection that this Court has errored [sic] in recommending summary dismissal of this Petition, and asserts that under the provisions of Liriano

2

v. U.S., 95 F.3d 49 and Coleman v. U.S., 106 F.3d 339, this Court should transfer this Petition to the Court of Appeals, where upon receiving the same the Clerk will send notice to the petitioner explaining the appropriate process to be followed and the standards to be met." This Court has carefully reviewed the cases cited by Petitioner, which include a Second Circuit Court of Appeals case, as well as a Tenth Circuit Court of Appeals case.[1] In both of the cases cited by Petitioner, the Court of Appeals approved the District Court transfer of the matters at hand to its respective appellate court pursuant to 28 U.S.C.A. § 1631. Section 1631 provides as follows:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C.A. § 1631.

Petitioner appears to suggest that this Court is obligated to transfer his district court filing to the appropriate appellate court. However, the Fourth Circuit has addressed this issue in Jones v. Braxton, 392 F.3d 683 (4th Cir. 2004). In Jones, Petitioner filed a timely notice of appeal after the District Court, noting that Petitioner had failed to provide any evidence of the authorization from the appellate court required by 28 U.S.C. § 2244, dismissed Petitioner's third habeas petition as an unauthorized successive petition. The Fourth Circuit, after its discussion of petitioner's entitlement to a certificate of appealability, identified two additional issues raised by Petitioner. The issue of relevance here was described by the Court as a request that the Fourth Circuit "adopt a policy

---

[1] The Court notes that neither of these cases is binding authority in this Circuit.

3

requiring the district courts automatically to transfer all unauthorized successive petitions to the Court of Appeals pursuant to the authority granted them by 28 U.S.C. § 1631." The Court rejected Petitioner's request. The Court stated:

> [W]e decline [Petitioner's] invitation to impose on the district courts a blanket policy of mandatory transfer of unauthorized successive petitions to this court for consideration as PFA motions. Congress has explicitly granted the district courts discretion over transfers under section 1631. *See* 28 U.S.C. § 1631 ("[T]he court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought...."). For the same reasons that we refuse to bind our own discretion over recharacterizations on appeal, we also refuse to bind the statutory discretion of the district courts, as they consider these petitions in the first instance, to transfer petitions to us only when it is "in the interest of justice."

Jones v. Braxton, 392 F.3d 683, 691 (4th Cir. 2004).

After consideration of the record in this case, this Court cannot conclude that it has been established that a transfer of the filings in this Court to the Fourth Circuit would be in the interest of justice.

Unless the Fourth Circuit Court of Appeals first grants Petitioner leave to file his present petition for habeas corpus relief, this court lacks jurisdiction to consider the same. Todd v. State of North Carolina, 2001 WL 34704470 (E.D. N.C. 2001). Therefore, this successive petition must be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fourth Circuit pursuant to § 2244(b)(3)(A). Petitioner may obtain the necessary forms from the Clerk's Office of the Fourth Circuit Court of Appeals in Richmond, Virginia, in order to seek permission from the Fourth Circuit Court of Appeals for filing another § 2254 petition.

For the above-stated reasons, the Court adopts the Report of the Magistrate Judge, finds that it lacks subject matter jurisdiction over the petition, and dismisses it pursuant to 28 U.S.C. § 2244(b)(3)(A).

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 4), petitioner's objections are **OVERRULED** (Doc. # 5); and the above-captioned case is dismissed without prejudice and without requiring the respondents to file a return.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

**May 4, 2005**
Florence, South Carolina